UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>TAKEUCHI MFG. CO. (U.S.),<br>LTD., et al.,<br><br>    Defendants. | No.  2:21-cv-00392 JAM-DMC<br><br>**ORDER GRANTING TAKEUCHI'S MOTION TO DISMISS AND GRANTING UNITED RENTALS' MOTION TO DISMISS** |

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

On March 14, 2019, John Brown ("Plaintiff") leased a mini excavator, a Takeuchi model TB230, from United Rentals (North America), Inc. to dig and clear his property in Shasta County. Compl. ¶¶ 16, 20-21, ECF No. 1.  While using the TB230, Plaintiff was injured; his left leg was crushed and subsequently amputated below the kneecap.  Id. ¶¶ 22-23.  This lawsuit followed.

Defendants are Takeuchi Mfg. Co. (U.S.), Ltd.("Takeuchi") and its parent company Takeuchi Mfg. Co. Ltd., the designers and manufacturers of the TB230, along with United Rentals (North America), Inc, and United Rentals Inc. (collectively "United

1

Rentals"), which owned and rented the excavator at issue. Compl. ¶¶ 2-11. Plaintiff asserts eight claims against Defendants: (1) failure to warn; (2) design defect against Takeuchi only; (3) negligence; (4) breach of express warranty; (5) breach of implied warranty; (6) violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770 *et seq.*, and Cal. Bus. & Prof. Code § 17200 *et seq.* and §17500 *et seq.*; (7) loss of consortium; and (8) punitive damages. Id. ¶¶ 39-118.

Before the Court are two motions to dismiss.[1] Mot. to Dismiss by United Rentals ("United Rentals Mot."), ECF No. 7-1; Mot. to Dismiss by Takeuchi ("Takeuchi Mot."), ECF No. 13-1. Takeuchi seeks to dismiss Plaintiff's fourth, fifth, sixth, seventh, and eighth claims. See Takeuchi Mot. at 3-6. United Rentals seek to dismiss all claims against it. See United Rentals Mot. at 3-9. Plaintiff opposed these motions. Opp'n by Brown to Takeuchi Mot. ("Takeuchi Opp'n"), ECF No. 17; Opp'n by Brown to United Rentals Mot. ("United Rentals Opp'n"), ECF No. 18. Defendants replied. Reply by United Rentals ("United Rentals Reply"), ECF No. 19; Reply by Takeuchi ("Takeuchi Reply"), ECF No. 21.

After consideration of the parties' briefing and relevant legal authority, the Court GRANTS Takeuchi's motion to dismiss and GRANTS United Rentals' motion to dismiss.

///
///
///

---

[1] These motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 27, 2021.

## II. OPINION

### A. Legal Standard

A Rule 12(b)(6) motion challenges the complaint as not alleging sufficient facts to state a claim for relief. See Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. In considering a motion to dismiss for failure to state a claim, the court accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. Lazy Y Ranch LTD. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

The above standards are well-settled in federal court, and Plaintiff's citations to Conley v. Gibson, 335 U.S. 41 (1957) as providing the relevant legal standard for a 12(b)(6) motion are incorrect. See Takeuchi Opp'n at 2-3; United Rentals Opp'n at 2, 9. The Conley notice pleading standard was overruled and replaced by the plausibility pleading standard set forth in Bell

1  Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  See also Iqbal,
2  556 U.S. at 679(2009).
3       B.   Analysis
4            1.   Seventh Claim: Loss of Consortium
5       As an initial matter, both Defendants seek to dismiss
6  Plaintiff's seventh claim for loss of consortium.  Takeuchi Mot.
7  at 5; United Rentals Mot. at 7.  Plaintiff agreed to dismiss the
8  loss of consortium claim as to both Defendants.  Takeuchi Opp'n
9  at 2, 12-13; United Rentals Opp'n at 3.  Accordingly, the
10 seventh claim is dismissed with prejudice.
11           2.   Fourth Claim: Breach of Express Warranty
12      Both Defendants also seek to dismiss Plaintiff's fourth
13 claim for breach of express warranty.  Takeuchi Mot. at 3-4;
14 United Rentals Mot. at 3.  Takeuchi's leading argument is that
15 Plaintiff failed to plead the terms of the express warranty or to
16 attach the express warranty to the complaint.  Takeuchi Mot. at
17 3-4.  To allege a breach of express warranty claim, plaintiffs
18 must allege: "(1) the exact terms of the warranty; (2) reasonable
19 reliance thereon; and (3) a breach of warranty which proximately
20 caused plaintiff's injury."  Coffen v. Home Depot U.S.A. Inc.,
21 No. 16-cv-03302-PJH, 2016 WL 4719273, at *5 (N.D. Cal. Sep. 9,
22 2016) (internal citation omitted).
23      Here, Plaintiff did not attach any express warranty to the
24 complaint.  See generally Compl.  The parties thus dispute
25 whether Plaintiff sufficiently pled the terms of the warranty.
26 Takeuchi contends Plaintiff has not specifically identified any
27 express warranty and the complaint contains only bald, conclusory
28 assertions devoid of any supporting facts.  Takeuchi Mot. at 3-4;

Takeuchi Reply at 3-4.  Plaintiff counters that his breach of express warranty claim is sufficiently pled, referring the Court to paragraph 77 of the complaint as the "key" allegation supporting this claim.  Takeuchi Opp'n at 8.  Paragraph 77 states: "At a time and place of sale, distribution, lease, and supply of the TB230 to Plaintiff, the Defendants expressly represented and warranted in their marketing materials, including their website, both written and orally, that the TB230 was safe, efficacious, and fit for its intended purpose and was of marketable quality, that it did not pose any unwarned-of dangerous risks, and that it was adequately tested."  Compl. ¶ 77.  This conclusory allegation lacks factual detail and is insufficient.  See Coffen, 2016 WL 4719273, at *5.

Because Plaintiff has not sufficiently pled the terms of the warranty, a necessary element of a breach of express warranty claim, his fourth claim must be dismissed as to both Defendants. As such, the Court need not reach Takeuchi's additional arguments regarding whether an express warranty covers design defects under California law and, if so, whether Plaintiff is in fact "attempting to mask a design defect case into a warranty case." See Takeuchi Mot. at 3-4; Takeuchi Reply at 3-5.

        3.    Fifth Claim: Breach of Implied Warranty

Next, Defendants seek to dismiss Plaintiff's fifth claim for breach of implied warranty, contending Plaintiff has failed to plead privity of contract.  Takeuchi Mot. at 3; Takeuchi Reply at 1-2; United Rentals Mot. at 3.  "Privity of contract is a prerequisite in California for recovery on a theory of breach of implied warranties of fitness and merchantability."  Blanco v.

Baxter Healthcare Corp., 158 Cal.App.4th 1039, 1058-59 (2008). The general rule is that "there is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale." Id. at 1059 (internal citations and quotation marks omitted).

According to Takeuchi, the complaint contains no facts supporting a finding of privity between Takeuchi, the original seller, and Plaintiff, who subsequently leased the excavator from United Rentals. Takeuchi Mot. at 3. Given Plaintiff was not a party to the purchase agreement between Takeuchi and United Rentals and had no other contacts with Takeuchi, no implied warranty of merchantability can run to him. Id.

In opposition, Plaintiff acknowledges that "vertical privity is a prerequisite in California state law for recovery on a theory of breach of the implied warranties of fitness and merchantability."[2] Takeuchi Opp'n at 4 (citing to U.S. Roofing, Inc. v. Credit Alliance Corp., 228 Cal.App.3d 1431 (1991)). However, Plaintiff claims that the exception to this rule set forth in U.S. Roofing applies, namely that "plaintiff satisfies the privity requirement when he or she leases or negotiates the sale or lease of the product." Takeuchi Opp'n at 4. Takeuchi

---

[2] While initially acknowledging the vertical privity requirement under California law and the applicability of state law, see Takeuchi Opp'n at 4, Plaintiff subsequently argues the opposite, see id. at 5. That is, Plaintiff later contends that under federal case law, privity is not required, citing to Keegan v. Am. Honda Motor Co., Inc., 838 F.Supp.2d 929 (C.D. Cal. 2012) in support of that contention. Takeuchi Opp'n at 5. Keegan, however, is inapposite because Keegan, unlike this case, involved implied warranty claims and privity requirements under the Song-Beverly Act. 838 F.Supp.2d at 944-947.

responds that U.S. Roofing is distinguishable and does not support Plaintiff's claim. Takeuchi Reply at 1-2. The Court agrees. Whereas here there is no allegation of any contact between Takeuchi and Plaintiff, the plaintiff in U.S. Roofing presented "considerable" evidence of contacts and dealings which the court found sufficient to support a finding of privity. 228 Cal.App.3d at 1442. By contrast, here there are no facts alleged in the complaint supporting a finding of privity between Plaintiff and Takeuchi. See generally Compl. Nor are there any facts supporting a finding that privity runs from United Rentals to Plaintiff. Id. In short, Plaintiff did not plausibly plead that privity runs from either of the parties to the sale to him.

    Plaintiff's final argument is that determining whether the third-party beneficiary exception to the privity requirement applies is "a fact-intensive exercise not amenable to resolution at the pleading stage." Takeuchi Opp'n at 5 (citing to Morales v. Toyota Motor Sales, U.S.A., Inc., 494 F.Supp.3d 709, 719 (C.D. Cal. 2020)). However, Plaintiff's cited authority, Morales, does not save his claim because, as Takeuchi points out, Morales is case applying New York state law. Takeuchi Reply at 2. The third-party beneficiary exception under New York state law discussed in Morales is not recognized under California law. See Xavier v. Philip Morris USA, Inc., 787 F.Supp.2d 1075, 1083 (N.D. Cal. 2011) (explaining "no reported California decision has held that the purchase of a consumer product may dodge the privity rule by asserting that he or she is a third-party beneficiary of the distribution agreements linking the manufacturer to the retailer who ultimately made the sale"). Thus, Plaintiff's last

argument fails as a matter of law.

Because Plaintiff failed to plead privity between himself and either Takeuchi or United Rentals and because he failed to show any exception to the privity requirement applies, his fifth claim is dismissed.

### 4. Sixth Claim: Violation of CLRA

Defendants also seek to dismiss Plaintiff's sixth claim for violation of CLRA, arguing this claim is grounded in fraud and Plaintiff failed to plead fraud with the requisite specificity. Takeuchi Mot. at 4-5; United Rentals Mot. at 1-2.

Fraud must be pled with particularity. See Fed. R. Civ. Pro. Rule 9(b). Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. Thus, a plaintiff must plead the "who, what, when, where, and how" of the alleged fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Further, as United Rentals emphasizes, see United Rentals Reply at 1, the Ninth Circuit has specifically held that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA. See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). Thus, Plaintiff's first argument in opposition – that Rule 9(b) does not apply because his CLRA claims are "not grounded in fraud, but rather in consumer deception" – clearly fails under Kearns. This argument is also belied by the Plaintiff's own caption for his sixth claim "Violation of California Law Prohibiting Consumer Fraud and Unfair and Deceptive Trade Practices." Compl. at 15 (emphasis added). Finally, Rule 9(b) states: "in alleging fraud or mistake, a party must state with particularity the circumstances

8

constituting fraud or mistake." Fed. R. Civ. Pro. Rule 9(b). Thus, by its plain language, Rule 9 does not distinguish between common law fraud and statutory fraud, an issue Plaintiff attempts to raise in opposition. Takeuchi Opp'n at 10.

Rule 9(b) clearly applies here, therefore the only issue is whether Plaintiff has pled his fraud-based claims with the requisite specificity. He has not. Alleging that "Defendants misrepresented the alleged safety benefits, suppressed, concealed, omitted and failed to disclosure material information concerning known adverse risks of topping over associated with TB230" is conclusory and fails to identify the specific "who, what, when, where, and how" of the alleged fraud. See Takeuchi Opp'n at 11-12.

As currently pled, Plaintiff's allegations do not provide Defendants with "notice of the particular misconduct . . . so that [they] can defend against the charge and not just deny that [they] have done anything wrong." See Vess, 317 F.3d at 1108 (internal citations omitted). Further, Plaintiff also failed to plead compliance with CLRA's "notice and cure" provisions. See United Rentals Mot. at 6-7. Plaintiff concedes this failure. United Rentals Opp'n at 15.

Because Plaintiff's complaint does not provide any of the requisite factual details of the alleged fraud and fails to plead compliance with CLRA's notice provisions, his sixth claim is dismissed.

///
///
///

     5. <u>Eighth Claim: Punitive Damages</u>

 Both Defendants seek to dismiss Plaintiff's eighth claim for punitive damages, arguing the complaint is devoid of any facts establishing oppression, fraud, or malice. Takeuchi Mot. at 5-6; United Rentals Mot. at 7-9. California law provides: "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." Cal. Civ. Code § 3294(a). "Malice" is defined as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." <u>Id.</u> § 3294(c)(1). "Oppression" is defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." <u>Id.</u> § 3294(c)(2). "Fraud" is defined as "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." <u>Id.</u> § 3294(c)(3). United Rentals adds that in <u>College Hospital Inc. v. Superior Court</u>, 8 Cal.4th 704, 725 (1994), the California Supreme Court further limited the availability of punitive damages by requiring "despicable conduct" and that here, Plaintiff has not pled the requisite "despicable" conduct. United Rentals Mot. at 8-9. In opposition, Plaintiff fails to address United Rentals' <u>College</u>

Hospital argument. See generally United Rentals Opp'n. Plaintiff's failure to address the argument constitutes waiver. Resnick v. Hyundai Motor Am., Inc., 2017 WL 1531192 at *22 (C.D. Cal. Apr. 13, 2017) ("Failure to oppose an argument raised in a motion to dismiss constitutes waiver of that argument.")

Nor does Plaintiff respond to Takeuchi's argument regarding the lack of factual support for his punitive damages claim. See Takeuchi Opp'n at 13. Instead, Plaintiff merely states "the damages sought under paragraphs 110-118 are viable because [Plaintiff] has met the pleading requirements," without explaining how these allegations met the applicable plausibility pleading standards. Id.

Because the complaint does not contain any facts to support Plaintiff's punitive damages claim, this claim is also dismissed.

### 6. Remaining Claims Against United Rentals

United Rentals additionally seeks to dismiss Plaintiff's remaining claims against it: the first claim for failure to warn and the third claim for negligence. United Rentals Mot. at 1. United Rentals' general argument seems to be that neither of these claims meets the Iqbal plausibility pleading standard because Plaintiff advances two "contradictory" theories against the manufacturer and the owner of the equipment. United Rentals' Mot. at 1, 5-6. United Rentals summarizes the contradiction as follows: "If a manufacturer's label was somehow insufficient to warn Plaintiff in the first place, how could he have been harmed by such a label being 'missing, illegible or damaged' at the time of rental? It is not 'plausible' that the warning label was insufficient to warn of this injury at the point of manufacture,

11

1 but that Plaintiff would have somehow avoided injury if the label
2 had been more legible at the time of rental." Id. at 5-6.
3     This argument, however, misses the mark. "Plaintiff may, of
4 course, plead more than one legal theory in the alternative, but
5 should provide plausible facts that support each theory."
6 Coffen, 2016 WL 4719273, at *6. The issue with the complaint
7 here is not that Plaintiff pled competing legal theories against
8 Takeuchi and United Rentals, but that Plaintiff did not provide
9 sufficient facts to support each theory. See Iqbal, 556 U.S. at
10 679. The allegations Plaintiffs highlights in opposition, see
11 United Rentals Opp'n at 4-8, simply lack factual support.
12     Accordingly, Plaintiff's first and third claims against
13 United Rentals are dismissed.
14     C.   Leave to Amend
15     Courts dismissing claims under Federal Rule of Civil
16 Procedure 12(b)(6) have discretion to permit amendment, and
17 there is a strong presumption in favor of leave to amend.
18 Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th
19 Cir. 2003). "Dismissal with prejudice and without leave to
20 amend is not appropriate unless it is clear . . . that the
21 complaint could not be saved by amendment." Id. at 1052
22 (internal citation omitted). Plaintiff's request for leave to
23 amend is therefore granted as to the first, third, fourth,
24 fifth, sixth, and eighth claims.
25     D.   Sanctions
26     A violation of the Court's standing order requires the
27 offending counsel (not the client) to pay $50.00 per page over
28 the page limit to the Clerk of Court. Order re Filing

Requirements at 1, ECF No. 4-2.  Moreover, the Court does not consider arguments made past the page limit. (In modern day millennial vernacular this is referred to as "TLDR") Id.

Plaintiff's opposition to United Rentals' motion exceeds the Court's page limit by 1 page.  See Opp'n to United Rentals. Plaintiff's counsel must therefore send a check payable to the Clerk for the Eastern District of California for $50.00 no later than seven days from the date of this Order.

### III.  ORDER

For the reasons set forth above, the Court GRANTS Takeuchi's Motion to Dismiss and GRANTS United Rentals' Motion to Dismiss. Plaintiff's seventh claim for loss of consortium is DISMISSED WITH PREJUDICE.  If Plaintiff elects to amend his complaint, he shall file a First Amended Complaint within twenty days (20) of the date of this order.  Defendants' responsive pleadings are due twenty days thereafter.

IT IS SO ORDERED.

Dated: August 20, 2021

/s/ John A. Mendez
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE