UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TAKEUCHI MFG. CO. (U.S.),<br>LTD., et al.,<br><br>　　　　Defendants. | No.  2:21-cv-00392-JAM-DMC<br><br>**ORDER GRANTING UNITED RENTALS' MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART TAKEUCHI'S MOTION TO DISMISS** |

　　　Before the Court are United Rentals (North America), Inc.'s ("United Rentals") motion to dismiss and Takeuchi Mfg. Co. (U.S.) Ltd.'s ("Takeuchi") motion to dismiss.  Mot. to Dismiss by United Rentals ("United Rentals Mot."), ECF No. 31-1; Mot. to Dismiss by Takeuchi ("Takeuchi Mot."), ECF No. 32-1.[1]  Apparently construing each of Defendant's motions as two separate motions - one to dismiss and one to strike - John Brown ("Plaintiff") filed four opposition briefs.  First Opp'n to United Rentals Mot., ECF No.

---

[1] These motions were determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearings were scheduled for March 1, 2022.

1

44; Second Opp'n to United Rentals Mot., ECF No. 45; First Opp'n to Takeuchi Mot., ECF No. 46; Second Opp'n to Takeuchi Mot., ECF No. 47.[2] United Rentals and Takeuchi each replied. United Rentals Reply, ECF No. 48; Takeuchi Reply, ECF No. 50. For the reasons set forth below, the Court grants United Rentals' motion and grants in part and denies in part Takeuchi's motion.

## I. BACKGROUND

As this is the second round of motions to dismiss in this case, a recitation of the factual background is unnecessary. That background is set forth extensively in the operative complaint, the parties' briefings, and the Court's prior order. See generally Order Granting Mots. to Dismiss ("Prior Order"), ECF No. 23. The relevant procedural background is as follows: on August 20, 2021, the Court granted United Rentals and Takeuchi's first motions to dismiss. Id. On October 1, 2021, Plaintiff filed a first amended complaint. See First Amended Complaint ("FAC"), ECF No. 30. In Plaintiff's original complaint, he pled eight causes of action, but in the FAC, he elected to keep only four: (1) "strict products liability - failure to warn" against both United Rentals and Takeuchi ("failure to warn claim"); (2) "strict products liability – design defect" against Takeuchi ("design defect claim"); (3) negligence against United Rentals and Takeuchi; and (4) punitive damages against United Rentals and Takeuchi. See generally FAC; see also Prior Order at 2 (listing

---

[2] Plaintiff did not seek leave of the Court to file four oppositions, and thereby violated the Court's standing order which cautions the parties "against filing multiple briefs to circumvent" the Court's page limits. Order re Filing Requirements ("Order") at 1, ECF No. 4-2.

2

1 eight original causes of action). United Rentals and Takeuchi
2 now move again to dismiss. See generally United Rentals Mot.;
3 Takeuchi Mot.

## II. OPINION

### A. Legal Standard

A Rule 12(b)(6) motion challenges the complaint as not alleging sufficient facts to state a claim for relief. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

### B. Analysis: United Rentals Motion

United Rentals moves to dismiss the first cause of action

for failure to warn and the fourth cause of action for punitive damages and to strike the punitive damages request in the prayer for relief. United Rentals Mot. at 2, 6. The Court previously dismissed these causes of action but granted Plaintiff leave to amend. Prior Order at 12.

### 1. Failure to Warn

To adequately plead a strict liability claim under a failure to warn theory, plaintiff "must include factual allegations that explain <u>how</u> the subject warning is inadequate." Lucas v. City of Visalia, 726 F.Supp.2d 1149, 1156 n.1 (E.D. Cal. 2010) (emphasis in original). United Rentals contends the FAC fails to provide such allegations. United Rentals Mot. at 2-3. The Court agrees. The only allegations as to the failure to warn claim against United Rentals are as follows: while owned by United Rentals and prior to delivery to Plaintiff, the warnings on the TB230 excavator "became missing, illegible or damaged." FAC ¶ 26. Though the manufacturer's warning stickers were affixed to the excavator at the time of rental, they "did not comply in either color or size with standard regulations and recommendations for warning the consumer of potential dangers of the kind that caused Plaintiff's injury" and "did not match warnings in [Takeuchi's] operating manual." Id. ¶¶ 25, 42, 44, 89.

This is insufficient under Lucas because it does not answer any of the "<u>how</u>" questions. 726 F.Supp.2d at 1156 n.1. For instance, how were the warnings insufficient to warn Plaintiff that he might topple the excavator over if he operated it on a slope? How were the warnings on the excavator out of compliance with standard regulations? How did they fail to match warnings

4

1 | in Takeuchi's operating manual?

2 | Nor does Plaintiff's argument that the Court must consider the complaint in its entirety when evaluating a Rule 12(b)(6) motion save this claim from dismissal. Second Opp'n to United Rentals at 9-10. To determine whether Plaintiff plausibly alleged a failure to warn claim against United Rentals, the Court reviewed the FAC under the familiar 12(b)(6) standard to which Plaintiff recites. He has not. Accordingly, this claim is dismissed.

Plaintiff requests leave to amend. Second Opp'n to United Rentals at 12. "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003)(internal citation omitted). The Court finds that further amendment would be futile and denies Plaintiff a third opportunity to properly plead this claim.

2.   Punitive Damages

United Rentals also asks the Court to dismiss the fourth cause of action for punitive damages and strike the punitive damages request from the prayer for relief. United Rentals Mot. at 3-5. United Rentals first contends that in repleading his punitive damages claim, Plaintiff ignored this Court's prior holding that Plaintiff waived opposition to Defendant's College Hospital Inc. v. Superior Court, 24 Cal.4th 704 (1994) argument. Id.; see also Prior Order at 10-11. However, United Rentals provides no authority supporting its position that the Court may grant its motion on these grounds alone, particularly given the

5

Court granted Plaintiff leave to amend his punitive damages claim.  <u>See generally</u> United Rentals Mot.  Likewise, United Rentals does not bring forward any binding authority in support of its second argument that punitive damages cannot be brought as a standalone claim.  <u>Id.</u> at 3 (citing to <u>Rivercard, LLC v. Post Oak Productions, Inc.</u>, No. 2:12-CV-1150 JCM (CWH), 2013 WL 1908315, at *5 (D. Nev. May 6, 2013) and <u>Cohen v. Office Depot, Inc.</u>, 184 F.3d 1292, 1297 (11th Cir. 1999)).  The one Ninth Circuit case United Rentals does cite to – <u>Audette v. Int'l Longshoremen's & Warehousemen's Union</u>, 195 F.3d 1107, 1111 n.2 (9th Cir. 1999) – does not discuss a punitive damages claim at all.  United Rentals Mot. at 4.  Thus, United Rentals fails to show dismissal is warranted on either of these grounds.

However, United Rentals' final argument that Plaintiff did not plead sufficient facts for the Court to plausibly infer oppression, fraud, or malice has merit.  United Rentals Mot. at 4-5.  As this Court previously explained: "California law provides '[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.'  Cal. Civ. Code § 3294(a).  'Malice' is defined as 'conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.'  <u>Id.</u> § 3294(c)(1).  'Oppression' is defined as 'despicable conduct that subjects a person to cruel and unjust

6

hardship in conscious disregard of that person's rights.' Id. § 3294(c)(2). 'Fraud' is defined as 'an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.' Id. § 3294(c)(3)." Prior Order at 10. "Punitive damages are never awarded as a matter of right, are disfavored by the law, and should be granted with the greatest of caution and only in the clearest of cases." Yeager v. Corrections Corporation of America, 1:12-cv-00162 AWI JLT, 2012 WL 1067209, at *4 (E.D. Cal. March 28, 2012)(internal citations omitted). Thus, California district courts have dismissed a punitive damages claim when a plaintiff fails to provide any factual basis supporting a finding of malice, fraud or oppression. See e.g. Kinkade v. Trojan Express LLC, No. SACV 08-1362 AG (ANx), 2009 WL 799390, at *5 (C.D. Cal. March 23, 2009) ("Simply pleading the terms 'oppression, fraud, and malice,' without alleging sufficient facts, is conclusory and does not in itself support a punitive award . . . because Plaintiffs do not sufficiently plead oppression, fraud, or malice, the Complaint does not support a prayer for punitive damages.").

Here, there are no factual allegations to support the element of oppression, fraud, or malice. See generally FAC. Nor does Plaintiff bring forward any facts in opposition from which the Court could infer oppression, fraud, or malice. Accordingly, the Court dismisses the fourth punitive damages claim and strikes the punitive damages request from the prayer for relief. See

Kinkade, 2009 WL 799390, at *5 (striking punitive damages request for failure to sufficiently plead oppression, fraud, or malice).

Further, the Court finds dismissal with prejudice is appropriate. See Eminence Cap., LLC, 316 F.3d at 1052. First, Plaintiff has already amended his complaint. See FAC. Second, Plaintiff had the opportunity in opposition to proffer any additional facts that might convince the Court he could plausibly allege malice, fraud, or oppression. He failed to do so. Any further amendment would be futile.

    C.    Analysis: Takeuchi Motion

Takeuchi seeks to dismiss all claims in the FAC or alternatively, only the fourth cause of action for punitive damages. Takeuchi Mot. at 2.

        1.    Punitive Damages

The standard for punitive damages claims is set forth above. See also Prior Order at 10. Takeuchi argues "Plaintiff's punitive damage allegations are nothing more than boilerplate buzzwords, devoid of any facts." Takeuchi Mot. at 4. The Court agrees. Plaintiff's allegations at paragraphs 96-102 regarding Takeuchi's purportedly despicable conduct are conclusory. As such, the Court cannot infer oppression, fraud, or malice from these allegations.

Nor does paragraph 109 of the FAC alter the above analysis. That paragraph states: "Punitive damages meet the plausibility standard of pleadings because through discovery Plaintiff will prove that Defendants already knew that this machine toppled over at a specific degree of tilt, and that the company concealed those documents and continued advertising the product as industry

leading and safe." In federal court, Plaintiff cannot wait until discovery to provide the Court with facts supporting his claim; he must set forth sufficient facts in his complaint to state a plausible claim. Iqbal, 556 U.S. at 678. Because he failed to do so, Plaintiff's punitive damages cause of action is dismissed and his corresponding request in the prayer for relief is stricken.

Dismissal with prejudice is appropriate. See Eminence Cap., LLC, 316 F.3d at 1052. As with his punitive damages claim against United Rentals, Plaintiff had the opportunity in opposition to proffer any additional facts that might convince the Court he could plausibly allege malice, fraud, or oppression against Takeuchi. See First Opp'n to Takeuchi Mot.; Second Opp'n to Takeuchi Mot. He failed to do so. The Court thus finds amendment would be futile.

2. Remaining Claims

In two short paragraphs tacked on to the final page of its motion, Takeuchi makes the sweeping argument that the remaining claims should be dismissed. Takeuchi Mot. at 6. Specifically, Takeuchi takes issue with the "inconsistency in [Plaintiff's] pleadings." Id. But inconsistency alone is not a ground for dismissal because "Plaintiff may, of course, plead more than one legal theory in the alternative, but should provide plausible facts that support each theory." Coffen v. Home Depot U.S.A. Inc., No. 16-cv-03302-PJH, 2016 WL 4719273, at *6 (N.D. Cal. Sep. 9, 2016). Thus, Takeuchi's motion itself fails to show dismissal of the remaining claims is warranted.

Nevertheless, Takeuchi takes a second bite at the apple in its reply, raising new arguments as to why the remaining claims

should be dismissed. Takeuchi Reply at 2-5. This, however, is improper. Courts in the Ninth Circuit generally decline to consider new arguments or issues raised for the first time in a reply brief. Cedano-Viera v. Ashcroft, 324 F.3d 1062, 1066 n.5 (9th Cir.2003)("We decline to consider new issues raised for the first time in a reply brief"); see also State of Nev. v. Watkins, 914 F.2d 1545, 1560 (9th Cir. 1990)("[Parties] cannot raise a new issue for the first time in their reply briefs"). The Court thus declines to consider the new arguments raised by Takeuchi in its reply.

Accordingly, the Court denies Takeuchi's motion as to the remaining claims for failure to warn, design defect, and negligence.

D.   Sanctions

As an initial matter, the Court notes that in its prior order, it issued sanctions against Plaintiff's counsel for violating the Court's page limits. Prior Order at 12-13. Here once again, Plaintiff's counsel violates the Court's standing order. That order "cautions [parties] against filing multiple briefs to circumvent" its page limits. Order re Filing Requirements at 1. A violation of the Court's standing order requires the offending counsel (not the client) to pay $50.00 per page over the page limit to the Clerk of Court. Id. Moreover, the Court did not consider arguments made past the page limit. Id.

Plaintiff filed four opposition briefs. He filed two oppositions to United Rentals' motion: the first was 8 pages, the second was 8.5 pages. First Opp'n to United Rentals Mot.;

Second Opp'n to United Rentals Mot.  This exceeds the Court's page limit by 1.5 pages.  Plaintiff's counsel must therefore send a check payable to the Clerk for the Eastern District of California for $75.00 no later than seven days from the date of this Order.  Additionally, Plaintiff filed two oppositions to Takeuchi's motion: the first was 7.5 pages, the second was 7 pages.  First Opp'n to Takeuchi Mot.; Second Opp'n to Takeuchi Mot.  This did not exceed the Court's page limits.

Counsel for Defendant Takeuchi also violated the Court's standing order.  Takeuchi's reply was six pages, exceeding the Court's page limit on reply memoranda by 1 page.  See Takeuchi Reply; see also Order re Filing Requirements at 1.  Takeuchi's counsel must therefore send a check payable to the Clerk for the Eastern District of California for $50.00 no later than seven days from the date of this Order.

### III.  ORDER

For the reasons set forth above, the Court GRANTS United Rentals' Motion and GRANTS IN PART and DENIES IN PART Takeuchi's Motion to Dismiss.  As to United Rentals, Plaintiff's first claim for failure to warn is DISMISSED WITH PREJUDICE and as to both Defendants, Plaintiff's fourth claim for punitive damages is DISMISSED WITH PREJUDICE and the request for punitive damages in the prayer for relief is STRICKEN.  IT IS SO ORDERED.

Dated: April 21, 2022

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE