IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>TAKEUCHI MFG. CO. (U.S.), LTD., et al.,<br><br>        Defendants. | No. 2:21-CV-0392-JAM-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the Court is Defendants' motion for terminating sanctions, ECF No. 85, for failure to comply with a prior discovery order.

      The parties appeared before the undersigned for a hearing on April 19, 2023, at 10:00 a.m. Upon consideration of the arguments and representation of counsel, the Court issued an order on April 21, 2023. See ECF No. 97. The Court directed Plaintiff's counsel to submit a notice of compliance with the prior discovery order on or before April 26, 2023, and stated that, if counsel complied, the Court would recommend denial of Defendants' motion for terminating sanctions. See id. Plaintiff has complied. See ECF No. 101. The docket reflects that discovery has proceeded apace and without further controversy since.

/ / /

1

1    The court must weigh five factors before imposing the harsh sanction of dismissal.
2 See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal
3 Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in
4 expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of
5 prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits;
6 and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52,
7 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate
8 sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone,
9 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where
10 there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.
11 1986).  Dismissal has also been held to be an appropriate sanction for failure to follow local rules,
12 see Ghazali, 46 F.3d at 53, failure to comply with an order to file an amended complaint, see
13 Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), failure to inform the district court
14 and parties of a change of address pursuant to local rules, see Carey v. King, 856 F.2d 1439,
15 1440-41 (9th Cir. 1988) (per curiam), failure to appear at trial, see Al-Torki v. Kaempen, 78 F.3d
16 1381, 1385 (9th Cir. 1996), and discovery abuses, see Henry v. Gill Indus., Inc., 983 F.2d 943,
17 948 (9th Cir. 1993).

18    Plaintiff's compliance with the Court's prior discovery order largely informs the
19 analysis.  The public's interest in speedy resolution on the merits has not been thwarted, nor has
20 the Court's interest in managing its docket.  There has been no prejudice to Defendants' which
21 cannot be remedied by an order awarding reasonable expenses, which is addressed separately.
22 Finally, the Court has considered less drastic measures, specifically allowing Plaintiff additional
23 time to comply, which has remedied the situation.  As indicated above, the docket reflects that,
24 since this Court's intervention and Plaintiff's compliance, discovery seems to have been
25 proceeding apace without additional controversy.
26 / / /
27 / / /
28 / / /

Based on the foregoing, the undersigned recommends as follows:

1. Defendants' motion for termination sanctions, ECF No. 85, be DENIED.

2. This matter be referred back to the undersigned for issuance of an order awarding reasonable expenses.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 18, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE