IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TAKEUCHI MFG. CO. (U.S.), LTD., et al.,<br><br>　　　　Defendants. | No. 2:21-CV-0392-JAM-DMC<br><br><br>ORDER |

Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the Court is Defendant's motion to compel Plaintiff to provide initial responses to written discovery, ECF No. 120. Plaintiff has filed an opposition, ECF No. 121. Defendant has filed a reply, ECF No. 127. The matter has been submitted on the papers without oral argument. See ECF No. 130.

## I. BACKGROUND

This matter was first before the Court on Defendant's motion to compel Plaintiff to provide discovery responses. See ECF No. 74. Plaintiff failed to oppose the motion, which the Court granted on January 17, 2023. See ECF No. 81. Plaintiff was directed to provide discovery responses within 30 days of the date of the Court's order. See id. Defendant then filed a motion

1

to compel Plaintiff to produce supplemental initial disclosures. See ECF No. 82. Again, Plaintiff failed to file any opposition to the motion, which the Court granted on March 22, 2023. See ECF No. 86. As with the previous discovery order, Plaintiff was directed to produce supplemental initial disclosures within 30 days of the date of the Court's order. See id.

As of February 28, 2023, Plaintiff had not complied with the Court's January 17, 2023, order, and Defendant filed a motion for terminating sanctions. See ECF No. 85. Plaintiff filed an opposition. See ECF No. 88. The parties appeared for a hearing on April 19, 2023. See ECF No. 96 (minutes). In the opposition brief, and at the hearing, Plaintiff's counsel represented that he has been "sick on and off since June 2022," that counsel contracted Covid-19, which turned into pneumonia, and that he now suffers from "long-Covid" which most recently caused illness on March 8, 2023. ECF No. 88.

On April 21, 2023, the Court issued an order regarding the motion for terminating sanctions. See ECF No. 97. The Court provided Plaintiff's counsel one further opportunity to comply with the Court's January 17, 2023, order. See id. Specifically, the Court stated that, if Plaintiff complied and filed a notice of such compliance on or before April 26, 2023, the Court would recommend denial of Defendant's motion for terminating sanctions. See id. Plaintiff's counsel filed a notice of compliance on April 26, 2023, indicating that he had served responses to discovery requests as ordered on January 17, 2023. See ECF No. 101. On August 18, 2023, the Court issued findings and recommendations that Defendant's motion for terminating sanctions be denied. Defendant filed objections on September 1, 2023. See ECF No. 112. Plaintiff filed a response to Defendant's objections on September 7, 2023. See ECF No. 115. The District Judge adopted the findings and recommendations in full on September 14, 2023. See ECF No. 117.

On August 25, 2023, Defendant filed a third motion to compel Plaintiff's attendance at his deposition. See ECF No. 109. Following a hearing, the Court directed that Plaintiff attend his deposition on September 20, 2023. See ECF No. 119. Defendant's motion to compel Plaintiff's attendance at his deposition has been denied as moot. See ECF No. 131.

/ / /

/ / /

Finally, as to scheduling, the most current stipulated modification to the original scheduling order provides as follows: expert disclosures due by November 17, 2023; all discovery completed by January 24, 2024; dispositive motions are scheduling for hearing before the District Judge on April 23, 2024; a final pre-trial conference is set before the District Judge on May 24, 2024; and a jury trial is set to commence before the District Judge on July 22, 2024.  See ECF No. 107.

## II.  DISCUSSION

In the current motion to compel, Defendant argues that Plaintiff has failed to provide timely responses to special interrogatories, sets two and three.  See ECF No. 120-1. Defendant's discovery requests are attached to the Declaration of defense counsel Neil Kleibensten, Esq., at Exhibit A.  See ECF No. 120-3.  Defendant's special interrogatories, set two, were served on July 25, 2023.  See id.  Defendant's special interrogatories, set three, were served on August 17, 2023.  See id.  No responses had been received as of the date Defendant filed the pending motion to compel on December 6, 2023.  See ECF No. 120-2 (Kleibenstein declaration).

In his opposition, Plaintiff states that verified responses to both outstanding discovery requests were served on December 4, 2023, and that the current motion, including request for reasonable expenses, is moot.  See ECF No. 121.  Copies of Plaintiff's verified responses are attached to Plaintiff's opposition as Exhibits A and B.  See id. at 4-13.

Given that responses have now been provided, the current motion is moot.  As to an award of reasonable expenses for the current motion required by Federal Rule of Civil Procedure 37(a)(5), Defendant argues in the reply brief that the issue is not moot because, contrary to Plaintiff's indication, the discovery responses were not "provided" prior to the motion to compel being filed on December 6, 2023.  According to Defendant, while the responses indicate a service date of December 4, 2023, the responses were sent in the same envelope as Plaintiff's opposition, served on December 8, 2023, and not received by defense counsel until after December 6.  Thus, because the responses were purportedly served but not actually

"provided" before the motion to compel was filed, Defendant concludes that an award of reasonable expenses is warranted and appropriate.

Defendant's argument is persuasive. Rule 37(a)(5)(A) specifically uses the term "provided," not "served." Here, because the discovery responses were not provided to defense counsel before the motion was served, Plaintiff will be ordered to pay Defendant's reasonable expenses for the current motion to compel.[1] The Court will accept defense counsel's declaration as to reasonable expenses and permit Plaintiff to file a response thereto. Following submission of declarations, the Court will issue an order awarding reasonable expenses or, if deemed necessary, set a further hearing.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to compel, ECF No. 120, is DENIED as moot.

2. Defense counsel shall submit a declaration supporting an award of reasonable expenses within 14 days of the date of this order.

3. Plaintiff may file a response to defense counsel's declaration within 7 days of the date of service thereof.

Dated:  January 25, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court has previously awarded expenses in connection with the prior motions which the Court granted. See ECF No. 100.

4