UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROWN, | No. 2:21-cv-00392-JAM-DMC |
| Plaintiff, | **ORDER DISMISSING CASE** |
| v. | |
| TAKEUCHI MFG. CO. (U.S.), LTD.; TAKEUCHI MFG. CO. LTD, a foreign entity; UNITED RENTALS (NORTH AMERICA), INC.; and UNITED RENTALS INC. | |
| Defendants. | |

On 06/04/2024, the Court ordered the parties to file dispositional documents regarding their settlement by 08/05/2024. See ECF No. 152. The parties then stipulated to a continuance on three occasions, ultimately pushing the filing date to 10/11/2024. See ECF Nos. 154, 156, and 158. On 11/08/2024—nearly a month after the new filing deadline—Plaintiff's counsel filed a declaration seeking further continuance, which the Court granted, extending the deadline to 12/12/2024. See ECF Nos. 159-60. On 12/12/2024, Plaintiff's counsel filed another declaration seeking a continuance. See ECF

1

No. 161.  On 1/16/2025, after considering the Defendants' response at ECF No. 163, the Court granted Plaintiff's request, stating "No further extension of this March 31, 2025 deadline will be granted by the court absent a showing of good cause. If the settlement documents are not filed by March 31, 2025, this case will be dismissed."  See ECF No. 164.  On 03/04/2025, Plaintiff's counsel filed a declaration explaining personal circumstances delaying the filing, as well as Plaintiff's reasons for not signing the settlement agreement.  See ECF No. 166.  On 03/31/2025, Plaintiff's counsel filed a declaration asking for a "last continuance" of 45 days.  See ECF No. 167.  Plaintiff has not filed any dispositional documents by 03/31/2025—nearly eight months after the original deadline of 08/05/2024.

Following Plaintiff's failure to comply with the Court's order, the Court dismisses this action.  In determining whether to dismiss this action, the Court must weigh the Ferdik factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).  Here, the first two factors favor dismissal because this case already has been delayed by Plaintiff and his counsel's continuous failure to file dispositional documents, and the public has an overriding interest in securing "the just, speedy, and inexpensive determination of every action."  See Fed. R. Civ. P. 1.  The

third factor also favors dismissal because Defendants have been deprived of an opportunity to formally settle this action, and Defendants asked the Court to issue an order for Plaintiff to show cause as to why this action should not be dismissed, indicating that they want this action dismissed. See ECF No. 163.  Likewise, the fourth factor favors dismissal because the Court already has attempted less drastic alternatives, and it explicitly warned Plaintiff that it would dismiss this action for failure to comply with the 03/31/2025 deadline. See ECF No. 164.  Finally, the fifth factor favoring disposition of a case on its merits is outweighed by the other Ferdik factors.  Moreover, it is Plaintiff and his counsel's failure to comply that precludes a resolution on the merits.  Accordingly, after carefully evaluating the Ferdik factors, the Court concludes that dismissal is appropriate.  The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:  April 2, 2025

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE